[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION FACTS
The parties were married in Greenwich, Connecticut, on October 3, 1992, and they have been living separate and apart since October 1999. They are the parents of two minor children, CASEY SCOTT CRAWFORD, born October 14, 1994, and JAMIE LEE CRAWFORD, born April 17, 1997. Both children reside with the plaintiff mother in the family home in West Haven. The Defendant father supports a minor child, age thirteen, from a previous marriage.
The plaintiff mother is thirty-seven (37) years old and in apparent good health. She has a high school education and worked at various jobs before and during the marriage up until the birth of their first child. At that time, by agreement of the parties, she quit work to be a full-time homemaker. In December 1999, she returned to work as an accounts receivable clerk for a New Haven company. She works thirty (30) hours per week and is paid twice monthly. Her weekly gross is $325.00, which is approximately $17,000 per annum. She does not have health insurance for herself, and participates in the Husky program through the State of Connecticut for the childrens' coverage. She has explored the CT Page 8937 cost of health insurance for herself alone and found it to be $156.00 a month.
The defendant husband is forty-two (42) years old and is also in apparent good health. He has been steadily employed from before and during the marriage as a repairer of medical and dental equipment, except for a short period (October 1999 to January 2000) between jobs following his termination from Greenwich Pharmacy. During the time that he was unemployed, he was denied unemployment compensation. He currently earns $740.00 per week which is slightly lower than his previous job. There was undisputed testimony that, while he was employed by Greenwich Pharmacy, the defendant earned extra monies "under the table" selling and repairing used medical equipment. These earnings came to an extra $4,000.00 to $5,000.00 per year. The defendant testified that his current employer has specifically not permitted this outside activity, and that any violation would result in his termination. He uses a company vehicle which carries the company logo/sign, and which would make such activity very difficult at best. He has finished high school and attended technical school for two years. The defendant lives in a third floor apartment in a friend's house and presently does not pay any rent.
The parties own a home in West Haven which they purchased in 1992. The down payment in the amount of $8,000.00 came from the defendant's father, and the closing costs in the amount of $4,000.00 were advanced by his former employer. The house has a value of $69,000.00 to $70,000.00 and a current mortgage balance of between $60,000.00 to $68,000.00 according to the parties' financial affidavits. The monthly payments, including taxes and insurance, amount to approximately $1000.00. After the defendant lost his former job, the parties experienced severe financial difficulties for a period of time. The plaintiff testified that the defendant paid only $50.00 in family support for the entire period, and that she borrowed heavily in order to bring the mortgage current and save the property from foreclosure, as well as to pay a substantial number of other family bills. The parties have no savings, no retirement funds, no life or health insurance, and virtually no other significant assets. The defendant testified that he has been denied life insurance coverage due to his previous treatment for drug and alcohol abuse.
The plaintiff testified that the marriage began to fail about four years ago. She attributes the breakdown to a lack communication and the defendant's temper. The defendant attributes the breakdown to financial difficulties and "enough yelling on both sides."
 FINDINGS
The Court, having heard the testimony of both parties, and having CT Page 8938 considered the evidence presented at trial, as well as the factors enumerated in Sections 46b-81, 46b-82, 46b-84, and 46b-215a of the Connecticut General Statutes, including the Child Support and Arrearage Regulations, hereby makes the following findings:
1. That it has jurisdiction.
2. That the allegations of the complaint are proven and true.
 3. That the marriage of the parties has broken down irretrievably, and that ample evidence exists that both parties have contributed to said breakdown.
 4. That, based upon the defendant's earnings, the presumptive level of basic child support is $146.00 per week, and his share of the current day care expenses is $110.00, for a total child support payment of $256.00 per week. However, the Court finds it to be appropriate and equitable to deviate from the Guidelines pursuant to Section 46b-215a-3(b)(4)(B) in that the defendant is supporting another dependent child not residing with him, and that said deviation shall be applied to his contribution to the plaintiff's day care expenses.
 ORDER 1. The marriage of the parties is hereby dissolved on the grounds of irretrievable breakdown, and they are each hereby declared to be single and unmarried.
 2. The parties shall have joint legal custody of the minor children, and the plaintiff wife shall have physical custody, subject to reasonable, liberal, and flexible visitation of the defendant, which shall include, at a minimum, every other weekend commencing Friday after school to Sunday evening at 7:30 P.M., a sharing of holidays and school vacations, and three weeks during the summer, which shall not be consecutive weeks during the summers of 2000 and 2001. In the future, if any dispute shall arise regarding custody and visitation, the matter shall first be referred to Family Relations for mediation and recommendation prior to bringing the matter to the Court for disposition.
 3. Commencing July 28, 2000, and weekly thereafter, the defendant shall pay to the plaintiff the sum of $10.00 as and for periodic alimony, until the death of either party, the remarriage of the plaintiff, or July 28, 2001, whichever shall sooner occur. Thereafter, the defendant shall pay to the plaintiff the sum of $50.00 per week as CT Page 8939 and for periodic alimony, until the death of either party, the remarriage of the plaintiff, or July 28, 2003, whichever shall sooner occur.
 4. Commencing July 28, 2000, and weekly thereafter, the defendant shall pay to the plaintiff the sum of $146.00 as and for child support, until such time as the oldest child shall reach the age of eighteen years, at which time child support for the remaining child shall be adjusted in accordance with the then existing Child Support Guidelines or as a Court may otherwise direct. The foregoing notwithstanding, if either child shall turn eighteen years old and is still in high school, then, in that event, the child support shall continue until the first day of next month following graduation from high school or his or her nineteenth birthday, whichever shall sooner occur, pursuant to Section 46b-84(b) C.G.S. In addition, the defendant shall pay the sum of $75.00 per week as and for his contribution for the day care expenses of the minor children, for a total weekly support payment of $221.00. The foregoing notwithstanding, it is the intention of this order that the defendant pay twenty-five (25%) percent of the present and future day care costs incurred by the plaintiff for the minor children. The present order is based upon the current cost of day care for both children in the amount of $290.00 per week. The Court expects these charges to change over time, and that the defendant's obligation shall be adjusted accordingly consistent with this order.
 5. As to the real estate at 105 Forest Road, West Haven, Connecticut, within thirty (30) days from the date of this Memorandum of Decision, the defendant shall convey his interest therein to the plaintiff by means of a fully-executed Quit Claim Deed along with completed Conveyance Tax Forms. Thereafter, the plaintiff shall have exclusive possession of the real estate and shall be responsible for the payment of all mortgages, liens, taxes, and insurance, and shall indemnify and hold the defendant harmless from any further liability thereunder.
 6. The defendant shall obtain and maintain health insurance for each of the minor children for so long as he shall be obligated to pay child support for either or both children, provided same is an incident of his employment and available at reasonable cost. Until such health insurance is in place, the plaintiff shall maintain health coverage for the minor children under the HUSKY PLAN. Un-reimbursed medical, dental, orthodontic, optical, pharmaceutical, psychiatric, and psychological expenses, shall be divided by the parties, 60% by the Plaintiff and 40% by the Defendant. The provisions of Section CT Page 8940 46b-84(e) shall apply.
 7. If group term life insurance shall become available to the defendant through his current or any future employment, at reasonable cost, and provided he is insurable, the defendant shall obtain and maintain the maximum amount available, but not to exceed a face value of $100,000.00, for the benefit of the minor children, so long as he has any financial obligation to either or both of them pursuant to this Memorandum of Decision. The Court shall retain jurisdiction to decide any issues which may arise regarding life insurance.
 8. The defendant shall be entitled to receive the proceeds, if any, from any pending or future lawsuit against his former employer, free and clear of any claims by the plaintiff. However, in the event that any proceeds are received by the defendant, the plaintiff shall be allowed to introduce evidence of same for the Court's consideration in any future motion for modification of alimony and/or child support.
 9. The plaintiff shall be responsible for the debt to Ernest Derenzi in the amount of $5,000.00 as shown on her financial affidavit, as well as the debt to Alfred Stroili in the amount of $4,000.00 also as shown on her financial affidavit. The defendant shall be responsible for the debt to Robert Crawford in the amount of $7,000.00 as shown on his financial affidavit. Each shall indemnify and hold the other harmless from any further liability from the debts as assigned to them by this order. Each party shall be responsible for one-half (1/2) of the family bills due and owing as of January 31, 2000 to the extent that the same remain unpaid and are undischarged by bankruptcy.
10. Personal property shall be divided as follows:
 A. The children's furniture shall remain in the plaintiff' s residence.
 B. The home furnishings (other than the children's furniture) shall be divided as nearly equally as possible. In the event that the parties are unable to agree upon a division, the issue is hereby referred to Family Relations for resolution and recommendation.
 C. Each party shall be entitled to keep the automobile which they are currently driving free and clear of any claims by the other, and each party shall cooperate with the other regarding the execution of any documentation necessary to transfer and/or CT Page 8941 register same.
 D. The defendant shall be entitled to retain the following items free and clear of any claims by the plaintiff:
 1) all the tools in the West Haven residence (with the exception of one each, hammer, pliers, phillips head screwdriver, and flat screwdriver, which will remain in the home);
2) his clothing and personal effects;
3) six (6) fishing poles;
4) all 4-5 bicycles;
5) water skis; and
6) CB equipment.
 11. So long as he is current in his child support payments, the defendant shall be entitled to the annual personal exemption for the minor child, CASEY, and the plaintiff shall promptly execute the necessary documentation and deliver same on an annual basis to the defendant in a timely manner for filing with the IRS. The plaintiff shall be entitled to claim the personal exemption for the minor child, JAMIE.
 12. The parties shall divide the 1999 state and federal income tax refunds one-third to the plaintiff and two-thirds to the defendant. Each party shall cooperate with the other in endorsing and/or negotiating the check(s), said division to take place within seven (7) days of receipt of the check(s) by either party.
 13. Each party shall be responsible for the payment of their own attorney fees and costs of suit.
 14. The Court hereby orders an Immediate Wage Withholding Order pursuant to Section 52-362 C.G.S in order to secure the payment of the alimony and child support orders.
THE COURT
 By ___________________ Shay, J.